CANNELLA, Judge.
Appellant/franchisor, Jani-King of New Orleans, Inc., appeals from a judgment in favor of appellee/franchisee, Merline S. Tauzier, awarding damages to appellee in a contract dispute. For the reasons which follow, we affirm in part, amend in part and render judgment as amended.
Appellee acquired a Jani-King janitorial service franchise in October of 1985 from another franchisee. At the same time she also acquired an existing cleaning account with Gulf Engineering Company, Inc. (Gulf). Gulf had signed a contract with appellant on January 25, 1985, effective February 1, 1985, providing for janitorial services in the total sum of $1,230.00 per month. This contract was to be for an initial term of one year and automatically extended, unless terminated for reasons of non-performance after 30 days from written notice. Approximately one month after appellee acquired her franchise, appellant had a problem with its worker’s compensation insurance. As a result, appellee’s employees were not covered for a period of 5 days. Due to this lapse, Gulf terminated its contract with appellee, effective December 1980. On November 17, 1986, appellee filed suit against appellant for the lost value of the contract with Gulf.
In June of 1988, Thomas A. Enmon purchased appellant and thereafter contacted appellee in an effort to settle the controversy. He offered to replace the lost account with additional accounts of equal gross billings and to waive the finder’s fee[1] for these additional accounts. Appellant sent documentation to appellee to finalize their *738 agreement. Appellee never signed the papers. Appellant sent appellee three new janitorial service contracts: Regan Equipment for $862.00 per month, Pearle Vision for $173.00 per month, and Heitman Properties for $240.00 per month. Appellee accepted and worked these accounts and paid no finder’s fee. After trial on the merits, appellee received judgment in her favor and it is from this judgment that appellant appeals.
The trial court rendered judgment from the bench awarding appellee $10,000 in general damages, representing the loss of net profits resulting from the cancellation of the Gulf contract. Despite a request from appellant for written reasons, none were provided.
Appellant presents two arguments, one of fact and the other of law, to support his contention that the trial court judgment was not supported by the evidence.[2]
First, appellant argues that the evidence does not support an award of $10,000 in damages. He contends that appellee did not meet her burden of proof in establishing that she sustained a loss of $10,000 as a result of the cancellation of the Gulf contract. Appellant points out the contradicting testimony of Ms. Tauzier and Mr. Enmon concerning the amount of appellee’s labor expenses in executing the Gulf contract. Ms. Tauzier testified that the labor expenses were 17.5% of the total monthly contract price. Mr. Enmon testified that the labor expenses were closer to 50% of the total monthly contract price.
Without reasons, it is unknown whether the trial judge based his award on the 17.5% labor expense, contemplating an 11 month loss, or whether he based it on the 50% labor expense, with a 22 month loss.[3] However, the only question presented for our review is whether the trial judge erred in his final determination that $10,000 was an appropriate sum to compensate appellee for her loss.
The standard of review for appellate courts is well settled.
When there is evidence before the trier of fact, which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence manifest error. Canter v. Koehring Company, 283 So.2d. 716 (La. 1973).
As further explained in Arceneaux v. Domingue, 365 So.2d. 1330, (La.1979),
“Manifestly erroneous” in its simplest terms, means “clearly wrong.” We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong.
After reviewing the record under the applicable standard of appellate review, we cannot say the trial judge was clearly wrong. There was no manifest error in his determination that appellee suffered a loss in net profits of $10,000.00 due to the cancellation of the Gulf contract.
Appellant’s second argument presents a question of law. Did the trial court err in finding that compensation was not due in favor of appellant for the three accounts it furnished to appellee without receiving a finder’s fee.
Appellee argues that no agreement was made between herself and appellant because she refused to sign the agreement. Appellee relies on La.C.C. art. 3071, that a settlement or compromise must be in writing to be binding. Since there was no writing, there was no compromise. We agree that appellee had no binding agreement with appellant to settle this claim.
The franchise agreement between the parties clearly provides that the franchisee will pay a finder’s fee of 300% of the initial month’s billing for each new account that the franchisor supplies and that the franchisee accepts.
In this case, the appellee accepted the accounts from the appellant without paying *739 the finder’s fee, as per their contract. There was no waiver of the finder’s fee because the compromise was never finalized. The franchise agreement provided for the finder’s fee to be due on accounts contracted with for one year. One of the accounts, Pearle Vision, did not last one year, through no fault of appellee, because Pearle Vision went out of business. Therefore no finder’s fee is owed for this account. However, on the other two accounts, Regan Equipment for $862.00 per month and Heitman Properties for $240.00 per month, the finder’s fee is owed by appellee. The contract provides for a fee of 300% of the initial month’s billing, $3,306.00 herein. The trial court erred in not ordering a set-off of this amount ($3,306.00) against the damages ($10,-000.00) owed by appellant.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it held appellee’s damages were $10,000.00, but it is amended insofar as it did not order a set-off for the $3,306.00 finder’s fee. Accordingly, we render judgment in favor of appellee and against appellant in the amount of $6,694.00, plus legal interest thereon from the date of judicial demand, until paid. Costs of appeal are to be borne by each party.
AFFIRMED IN PART, AMENDED IN PART, RENDERED AS AMENDED.

. The franchise agreement between the parties provided, should the franchisor, in its sole option, offer new accounts to the franchisee, the franchisee may either accept or reject such offerings at the time they are made. If the franchisee accepts the offer, the franchisee will pay to the franchisor a "Finder’s Fee” in the amount of three times the initial month’s billing for each new account.

. Appellant essentially concedes that the cancellation of the Gulf contract was due to its inability to maintain uninterrupted worker’s compensation insurance coverage.

. In both instances, 10% for Royalties and 3.5% for insurance must be deducted from the $1,230.00 gross profit figure in arriving at the net profit figure.